IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00502-MSK-CBS

MARY JANYCE DESSERICH-DAVIS, as personal representative of the estate of
Christopher David Mallicotte,

        Plaintiff,

v.

PERFECTO HIJAR,
RICK GARCIA,
RICHARD A. SOARES, JR., and
CARL ZENON,

        Defendants.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION AND GRANTING
DEFENDANT SOARES' MOTION TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to March 8, 2007 Recommendation **(# 73)** of United States Magistrate Judge Craig B. Shaffer that Defendant Soares' Motion to Dismiss **(# 25)** be granted.[1]

---

[1] Also pending is a Motion to Dismiss by Defendants Garcia and Zenon **(# 24)**. The Magistrate Judge's Recommendation recommended that this motion be denied, and both Defendants filed timely objections **(# 79)** to the Recommendation. However, a Minute Entry **(# 85)** from the Magistrate Judge indicates that these Defendants reached a settlement with the Plaintiff on June 4, 2007. Although the parties anticipated the filing of dismissal papers by August 3, 2007, no such papers have been filed. It appears that the Magistrate Judge intends to address the lack of dismissal papers at a hearing on August 29, 2007. Given that Defendants Garcia and Zenon appear to have settled with the Plaintiff, the Court denies their Motion to Dismiss and their Objections to the Recommendation as moot. Should the settlement not be effectuated, these Defendants are free to refile the motion to dismiss.

1

The factual recitation of this case as set forth by the Magistrate Judge is deemed incorporated herein. In sum, the Plaintiff's decedent was an inmate of the Arkansas Valley Correctional Facility in 2004 and 2005. During that time, Defendant Hijar, an employee of the prison, allegedly subjected the Plaintiff's decedent to unlawful sexual contact. The Second Amended Complaint **(# 47)**, alleges that the Defendants violated the Plaintiff's decedent's 8th Amendment rights, and further, that Defendant Soares, among others, was liable for failing to properly supervise Defendant Hijar.

Defendant Soares moved to dismiss the claims against him citing, among other things, the statute of limitations. He alleges that he left the position of Warden at the Arkansas Valley Correctional Facility in 2003, before any of Defendant Hijar's conduct against the Plaintiff's decedent, and thus, that any claims against him are barred by the two-year statute of limitations. The Plaintiff alleges that although Defendant Soares was not employed at the time the Plaintiff's decedent was actually subjected to the unlawful conduct, Defendant Soares committed constitutional violations during his tenure by failing to supervise Defendant Hijar, "set[ting] in motion a series of acts by others that led to Plaintiff's injury."

On March 8, 2007, the Magistrate Judge issued the instant Recommendation **(# 73)**, recommending that the Plaintiff's claims against Defendant Soares be dismissed as untimely. The Magistrate Judge found that "[t]he claims in this case are based only upon Hijar's conduct . . . in 2004 and 2006, while Soares was not employed." Citing *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006), the Magistrate Judge explained that the Plaintiff must show "the active participation of acquiescence of the supervisor in the constitutional violation by the subordinates." Because Soares could not have actively participated in or

2

acquiesced to Defendant Hijar's assaulting of the Plaintiff at a time when Soares was no longer employed there, the Magistrate Judge recommended that Defendant Soares' Motion to Dismiss be granted.

More than 10 days have passed since the issuance of the Recommendation and neither the Plaintiff nor Defendant Soares have filed objections.   Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).  This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).  Upon such *de novo* review, however, the Court reaches the same findings and conclusions as the Magistrate Judge.

Accordingly, the Court **ADOPTS** that portion of the Magistrate Judge's Recommendation **(# 73)** relating to Defendant Soares, and Defendant Soares' Motion to Dismiss **(# 25)** is **GRANTED**. The claims against Defendant Soares are **DISMISSED**.  The caption of this case is **AMENDED** to omit reference to Defendant Soares.  As stated above, Defendants' Garcia and Zenon's Motion to Dismiss **(# 24)** and Objections **(# 79)** to the Recommendation are **DENIED AS MOOT**, with leave to refile if the parties' anticipated settlement is not ultimately effectuated.

Dated this 21st day of August, 2007

               **BY THE COURT:**

               */s/ Marcia S. Krieger*
               _____
               Marcia S. Krieger
               United States District Judge